ELISHA P. REYNOLDS, JR., APPELLANT, v. LAKE BRIDENTHAL ET AL., APPELLEES.

FILED DECEMBER 22, 1898. No. 8540.

1. **Corporations:** RIGHT TO VOTE STOCK. *Prima facie*, at least, the right to vote stock in a corporation does not exist until such stock has been registered in the name of the person seeking to vote it.

2. ———: ILLEGAL ELECTION OF DIRECTORS: INJUNCTION. A stockholder may obtain an injunction to restrain persons claiming to have been elected directors from acting as such, when the election was illegal and void. *Humboldt Driving Park Ass'n v. Stevens*, 34 Neb. 528, followed.

APPEAL from the district court of Gage county. Heard below before BUSH, J. *Reversed.*

*E. N. Kauffman*, for appellant,

*A. D. McCandless, contra,*

Reynolds v. Bridenthal.

Irvine, C.

Reynolds brought this suit against Bridenthal and the other defendants, who claim to have been elected directors of the Touzalin Improvement Company, a corporation, for the purpose of enjoining them from acting as such directors. A temporary injunction was allowed, but subsequently a demurrer to the petition was sustained, the injunction vacated, and the case dismissed. Plaintiff appeals.

It is in brief charged that plaintiff was the owner of a large number of shares of the corporate stock; that 300 of these had been pledged to the Union National Bank of Chicago as collateral security; that the bank claimed to have sold those shares at public sale, and to have bought them, but that such sale was fraudulent and void; that the stock had not been registered on the books of the company in the name of the bank. It is also charged that at the meeting when the defendants claim to have been elected this stock was voted on a proxy from the bank; that without it a majority of the stock would not have been represented at the election; that the defendants were about to assume office and threatened certain action detrimental to the interests of the corporation and of the plaintiff.

In support of the judgment below it is urged that injunction is not in such case the proper remedy. This question would seem to depend upon whether the stockholder suing has a remedy by quo warranto; and if so, whether that remedy is adequate under the facts of the case. An independent investigation of the question is unnecessary here, because we have a precedent from which we do not feel at liberty to depart. *Humboldt Driving Park Ass'n v. Stevens*, 34 Neb. 528, was a case essentially like this, and it was held that an injunction was properly allowed to prevent the persons claiming to have been elected from acting as directors. There the charge was that they had been chosen by the vote of

stock illegally issued; here it is that they were chosen by stock voted by persons having no right to vote it. No other distinction is observable, and the difference mentioned does not affect the principle involved. *Prima facie* the right to vote does not exist until the stock is registered, so that the petition makes out a *prima facie* right.

REVERSED AND REMANDED.